Dear Judges Centanni and Fitchue:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. You asked the following: What is thescope of the Justice of the Peace's bail authority, as set forthin the Code of Criminal Procedure articles 333 and 342, and morespecifically, how do the new policies of the District Attorney'sOffice of Jefferson Parish correlate to such authority?
Louisiana Code of Criminal Procedure Article 333 provides that Justices of the Peace, throughout their territorial jurisdiction, shall have the authority to fix bail in "cases not capital or necessarily punishable at hard labor." Paul D. Connick, Jr., District Attorney for the Parish of Jefferson, informed you that "a Justice of the Peace is lawfully authorized to fix bail only in those cases not capital and not necessarily punishable at hard labor," pursuant to LA C.Cr.P. art. 333. Harry Lee, Sheriff for the Parish of Jefferson, stated that "Parish Court Judges do not have authority to fix bail in cases outside their territorial jurisdiction." The above excerpts from Mr. Connick and Mr. Lee's correspondences are consistent with LA C.Cr.P. art. 333. See Attorney General Opinion No. 86-126 (LA C.Cr.P. art. 315 is now LA C.Cr.P. art. 333).
In summary, as a Justice of the Peace you are only authorized to set a bond in non-capital cases that are not necessarily punishable at hard labor that are within your territorial jurisdiction, and then only if no bond previously has been set by a District Court Judge or magistrate.
Additionally, Louisiana Code of Criminal Procedure Article 342
states, in pertinent part:
 The court having trial jurisdiction over the offense charged, on its own motion or on motion of the state or defendant, for good cause may either increase or reduce the amount of bail, or require new or additional security.
Connick further stated that, "once a charge has been accepted for prosecution and allotted to a division of court, only the Judge to whom the case has been allotted may adjudicate any matter regarding the bond of the defendant in that case," pursuant to LA C.Cr.P. art. 342. The above statute was explained in State v.Dupor, 623 So.2d 720, 721 (La.App. 4 Cir. 1993). It was held that "any motion to increase or reduce bail must be brought before the magistrate who set the original bond, as he retains exclusive jurisdiction over such matters until a formal charge is filed and the case allotted to a section of the court." See Attorney General Opinion No. 98-15.
In summary, once a bond is set, formal charges are filed, and the case is allotted to a section of the court, you are not lawfully authorized to alter that bond in any way.
In order to be consistent with existing statutory provisions, it is the opinion of this office that Justices of the Peace, throughout their territorial jurisdiction, may fix bail for offenses not capital or necessarily punishable by hard labor. Furthermore, once formal charges are filed and the case is allotted to a section of the court the Justice of the Peace no longer has jurisdiction over the matter.
I hope this information is helpful to you. If you need further assistance in this or any other matter, please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ JAMES L. PIKER ASSISTANT ATTORNEY GENERAL
JLP:nap
Date Received:
Date Released:
JAMES L. PIKER ASSISTANT ATTORNEY GENERAL
 Office of the Attorney General State of Louisiana
 Opinion No. 86-126 April 9, 1986
JUSTICES OF THE PEACE . . . . . . . 50
R.S. 13:2584
Justices of the peace have authority to fix bail and discharge on recognizance persons arrested for offenses not capital or necessarily punishable by hard labor.
Honorable T.M. McBride, III Judge Division "A" Thirty-Fourth Judicial District Chalmette, Louisiana 70043